NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN CIFUENTES, | No. 21-769 |
| Petitioner, | Agency No. A088-894-096 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2025**
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.***

Petitioner Marvin Cifuentes, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") decision denying asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

protection under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. *See also Wilkinson v. Garland*, 601 U.S. 209, 217–22 (2024) (holding that a mixed question of law and fact such as the application of the exceptional and extremely unusual hardship standard for cancellation of removal is reviewable under § 1252(a)(2)(D)). We deny the petition.

We review denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review questions of law de novo. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We review due process claims de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). When reviewing "whether particular acts constitute persecution for purposes of asylum," we have reviewed persecution determinations de novo and for substantial evidence. *Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024). Cifuentes fails under either standard.

1. The record supports the BIA's denials of asylum and withholding of removal. To establish eligibility for asylum and withholding of removal, Cifuentes must show a likelihood or a clear probability of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). Even if Cifuentes'

claimed membership in a particular social group is cognizable, he failed to establish the requisite nexus between the feared harm in Guatemala and a protected ground. Cifuentes' fear of future persecution is based on his parent's belief that his brother is a gang member, his uncle's attempted kidnapping in 2017, that he is a member of a landowning family receiving remittances, and the presence of gang violence in his hometown. But Cifuentes acknowledged that other than the incident involving his uncle, he was unaware of any threats or violence directed to him or his family in Guatemala. Cifuentes' uncle also testified that the men that attempted to kidnap him did not say anything to him or gave any indication as to why they targeted him. He further testified that he fears for Cifuentes' safety in Guatemala because people will assume Cifuentes has money because he would be returning from the United States. This circumstantial evidence falls short of showing an objectively reasonable fear of future persecution and that Cifuentes would be specifically targeted based on a statutorily protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("A [noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Cifuentes also argues that the IJ erred in not making any findings regarding his well-founded fear of future persecution based on his actual or imputed anti-gang political opinion. But even if the IJ erred in not addressing this claim, any

error by the IJ was ultimately harmless because the BIA cured it.  As the BIA correctly stated, we have previously held that a noncitizen's general opposition to gangs does not constitute an actual or imputed political opinion.  *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995) (noting that when the BIA conducts a de novo review "[a]ny error committed by the IJ will be rendered harmless by the [BIA's] application of the correct legal standard"); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) (noting that general opposition to a gang is not enough to impute a political opinion even if the police are unable to prevent the violence).  Furthermore, the evidence in the record is insufficient to make a different finding because nowhere in the record does Cifuentes show that he or his family will be specifically targeted based on his anti-gang sentiment.  *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015) (noting that the petitioner must provide some evidence that the persecutor will be motivated by a belief that the petitioner held the political opinion).

2.  The BIA's denial of CAT relief is supported by substantial evidence.  To qualify for CAT relief, Cifuentes must show it is "more likely than not" that he will be tortured upon removal.  8 C.F.R § 1208.16(c)(2).  "Torture is 'more severe than persecution.'"  *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)).  Because Cifuentes failed to

show that there is a particularized threat of harm in the future, he necessarily failed to show a likelihood of future torture in Guatemala.

3. Applying *Wilkinson*'s deferential standard, the BIA did not err in finding Cifuentes ineligible for cancellation of removal because he failed to establish the required "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D); *Wilkinson*, 601 U.S. at 786–788. To satisfy the hardship standard, Cifuentes must show that the harm to his family member is "substantially beyond that which ordinarily would be expected to result from [Cifuentes'] deportation." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quotation marks and citation omitted). The BIA recognized that Cifuentes' removal will cause his daughters anxiety and stress and that the family will suffer substantial financial hardship. Taking the hardship factors in the aggregate, however, the BIA correctly concluded that these hardships are typical for many families facing removal of a noncitizen family member. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (explaining that even though the petitioner's children would "suffer emotionally" if separated from their father, this kind of hardship is "sadly common").

**PETITION DENIED.**[1]

---

[1]    To the extent that Cifuentes argues that his due process rights were violated, he failed to show substantial prejudice. That is, Cifuentes failed to show that any

potential error "affected the outcome of the proceedings." *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).